LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VICTOR COYOTL CUAYA,
*on behalf of himself and class of similarly situated individuals*,

                Plaintiff,

                v.

VI DEVELOPMENT GROUP, LLC
    d/b/a BREAD & BUTTER,
570 KCBS CORP.
    d/b/a BREAD & BUTTER,
401 KCBS CORP.
    d/b/a BREAD & BUTTER,
462 BKCS LTD.
    d/b/a BREAD & BUTTER,
BKCS LTD.
    d/b/a BREAD & BUTTER,
K&H 14 INC.
    d/b/a BREAD & BUTTER,
FOOD & BEYOND LLC.
    d/b/a BREAD & BUTTER,
TERENCE PARK, and
BYUNG IL PARK,

                Defendants.

**CLASS ACTION COMPLAINT**

---

Plaintiff, VICTOR COYOTL CUAYA, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class Action Complaint against Defendants, VI DEVELOPMENT GROUP, LLC d/b/a BREAD & BUTTER, 570 KCBS CORP.

1

d/b/a BREAD & BUTTER, 401 KCBS CORP. d/b/a BREAD & BUTTER, 462 BKCS LTD. d/b/a BREAD & BUTTER, BKCS LTD. d/b/a BREAD & BUTTER, K&H 14 INC. d/b/a BREAD & BUTTER, FOOD & BEYOND LLC. d/b/a BREAD & BUTTER, ("Corporate Defendants"), and TERENCE PARK and BYUNG IL PARK (the "Individual Defendants," and together with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

5. Plaintiff, VICTOR COYOTL CUAYA, for all relevant time periods, was a resident of Queens County, New York and was employed by Defendants as a cook from around 2010 to around January 11, 2019.

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Defendants operate a chain of deli restaurants as a single integrated enterprise under the shared trade name "Bread & Butter" at the following addresses:

   (a) 25 West 56th Street, New York NY 10019, operated by 570 KCBS CORP.;

(b) 401 East 34th Street, New York NY 10016, operated by 401 KCBS CORP.;

(c) 462 7th Avenue, New York NY 10018, operated by 462 BKCS LTD.;

(d) 14 East 44th Street, New York NY 10017, operated by K & H 14 INC.;

(e) 303 5th Avenue, New York NY 10016, operated by BKCS LTD.; and

(f) 419 Park Avenue South, New York NY 10016, operated by FOOD & BEYOND LLC

(collectively the "Restaurants").

8. The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

(a) The Restaurants are commonly owned and operated by the Individual Defendants.

(b) The Restaurants are advertised jointly as a common enterprise on Defendants' website, www.breadbutternyc.com.

(c) The Restaurants share a common logo and similar menus, with many identical menu items.

(d) The Restaurants share payroll methods and have a single, centralized system of labor relations for employees at both locations

(e) Supplies are interchangeable among the Restaurant locations

(f) Employees are interchangeable among the Restaurants' locations.

9. Corporate Defendants:

(a) VI DEVELOPMENT GROUP LLC d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York with an address for service of

process located at 635 W. 42nd Street, Suite 15D, New York NY 10036. VI DEVELOPMENT GROUP LLC operates all of the Restaurants' locations.

(b) 570 KCBS CORP. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 303 5th Avenue, New York, NY 10016. 570 KCBS CORP. owns and operates Bread & Butter located at 25 West 56th Street, New York, NY 10019.

(c) 401 KCBS CORP. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 401 E. 34th St., New York, NY 10016. 401 KCBS CORP. owns and operates Bread & Butter located at 401 E. 34th St., New York, NY 10016.

(d) 462 BKCS LTD. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 462 7th Avenue, New York, NY 10018. 462 BKCS LTD. owns and operates Bread & Butter located at 462 7th Avenue, New York, NY 10018.

(e) BKCS LTD. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 303 5th Avenue, New York, NY 10016. BKCS LTD. owns and operates Bread & Butter located at 303 5th Avenue, New York NY 10016.

(f) K & H 14 INC. d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 14 East 44th Street, New York, NY 10017. K & H 14 INC. owns and operates Bread & Butter located at 14 East 44th Street, New York NY 10017.

(g) FOOD & BEYOND LLC d/b/a BREAD & BUTTER is a domestic business corporation organized under the laws of the State of New York, with an address for service of

process at 419 Park Avenue, New York, NY 10016. FOOD & BEYOND LLC owns and operates Bread & Butter located at 419 Park Avenue South, New York NY 10016.

10. Individual Defendant, TERENCE PARK is an owner and principal of all of the Corporate Defendants. Defendant TERENCE PARK exercises operational control as it relates to all employees including Plaintiff and the Class. TERENCE PARK frequently visited each of the restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff and the Class. At all times, employees could complain to TERENCE PARK directly regarding any of the terms of their employment, and TERENCE PARK had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant, BYUNG IL PARK is an owner and principal of the Corporate Defendants. Defendant BYUNG IL PARK exercises operational control as it relates to all employees including Plaintiff and the Class. BYUNG IL PARK frequently visited each of the Restaurant locations. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff and the Class. At all times, employees could complain to BYUNG IL PARK directly regarding any of the terms of their employment, and BYUNG IL PARK had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

## RULE 23 CLASS ALLEGATIONS

12. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all employees who were paid their wages in cash, and whose wages were not reported on IRS Form 941 quarterly tax returns, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

14. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class

member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in class action litigation.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class.

    b) Whether Defendants failed to accurately state the number of employees, wages tips and other compensation paid for each quarter during the relevant period on IRS Form 941 and on annual tax returns.

    c) Whether Defendants properly withheld taxes for Plaintiff and Class Members, including Social Security contributions.

    d) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked;

## STATEMENT OF FACTS

19. Plaintiff, VICTOR COYOTL CUAYA was employed by Defendants as a cook from in or around 2010 until on or around January 11, 2019.

20. From 2010 to 2017, Plaintiff CUAYA was paid in cash, and was not given any form of wage statement when he received his pay.

21. Defendants failed to withhold any of Plaintiff's wages for tax purposes.

22. Defendants further failed to provide Plaintiff with an accurate W-2 tax statement for each tax year during which Plaintiff worked.

23. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's earnings and to provide Plaintiff with accurate W-2 tax statements for each tax year during which Plaintiff worked.

24. Defendants willfully and fraudulently filed false returns with the Internal Revenue Service by failing to report Plaintiff, and other employees who were paid in cash, as employees

on IRS Form 941 Quarterly Tax Returns and annual tax returns, as well as the amount of compensation that was paid.

25. Defendants' IRS Form 941 was purported to be a reporting of all employees, yet Plaintiff and other employees who were paid in cash were not reported.

26. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

27. Defendants had a legal obligation to file accurate tax statements with the IRS.

## STATEMENT OF CLAIM

### COUNT I
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

28. Plaintiff realleges and reavers Paragraphs 1 through 27 of this class action Complaint as if fully set forth herein.

29. Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

30. Defendants served/filed or caused to be served/filed knowingly false annual tax returns for at least calendar years 2010 through 2016 by failing to identify Plaintiff, and other employees paid in cash, as employees, failing to accurately state the amount of wages paid, and failing to pay the required employment taxes on their behalf.

31. Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns from at least the second quarter of 2010 through the third quarter of 2016 by failing to identify Plaintiff, and other employees paid in cash, as employees, failing to accurately state the amount of wages paid, and failing to pay the required employment taxes on their behalf.

32. Defendants provided Plaintiff and Class Members with their wages and were directly responsible for the issuance of paychecks to Plaintiff, calculation of withholdings from

Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

33. Plaintiff and Class Members suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes, any fees incurred by Plaintiff and Class Members as a result of late filings, the failure to receive the required contribution to their taxes by their employees, the lack of contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

34. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and Class members, respectfully requests that this Court grant the following relief:

a.   Statutory damages of $5,000 for each fraudulent information return filed by Defendants for each Plaintiff during the past six years;

b.   Costs attributable to resolving deficiencies;

c.   Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

d.   That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

e.   All interest allowed by law;

f.   All costs and attorney's fees incurred in prosecuting these claims; and

g.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 3, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

C.K. Lee (CL 4086)
William Brown (WB 6828)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff and the Class*

By: /s/ C.K. Lee
   C.K. Lee (CL 4086)